SUSAN E. HADLEY *vs.* ODD FELLOWS' BENEFICIAL ASSO-
CIATION OF SOUTHERN MASSACHUSETTS.

Suffolk.   March 13, 1899. — June 30, 1899.

Present: HOLMES, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Beneficiary Association — Construction of By-Laws — Rights of Widow and
Administrator of Member to Benefit Fund.*

When A. became a member of a beneficiary association its by-laws provided that the benefit payable at his death was to be paid, first, to the person designated to receive the same by the deceased either by an indorsement upon his certificate of membership or by a written order, and, secondly, if the member designated no person to receive the payment, it was payable to his widow for the use of herself and minor children, if any.   The by-laws were afterwards changed, so that the benefit should be paid " to such person or persons as the member's certificate requires."   Subsequently a further change was made, by substituting for all other provisions regulating the payment of death benefits a provision

that the benefit should be paid " to such person or persons as the member's certificate requires who may have an insurable interest as provided in" a certain section, which defined the object of the association to be " to assist the widows or orphans, or such other person or persons as may hold an assignment of the certificate of membership at the time of the death of the member, by paying the sum as specified." A. died intestate, leaving a widow but no children, and never having designated a beneficiary in writing on the back of his certificate or otherwise, and never having made any assignment of the sum. *Held,* that the widow of A., and not the administrator of his estate, was entitled to the fund due under his certificate of membership.

CONTRACT, by the widow of Frank R. Hadley, to recover $590, alleged to be due under a certificate of membership issued by the defendant to Hadley. The administrators of Hadley's estate appeared as claimants of the fund. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*H. M. Knowlton,* for the claimants.

*A. J. Selfridge,* for the plaintiff.

BARKER, J. The fund about which the plaintiff and the claimants are contending is a death benefit which the defendant admits that it is liable to pay, by reason of the death of one Frank R. Hadley, who died on April 23, 1897, intestate and without children. The plaintiff is his widow, and the claimants are the administrators of his estate, which is insolvent.

The defendant is an unincorporated association, organized between December 7, 1871, and January 6, 1872. The object of the association, as originally declared in its by-laws, was " the creation and perpetuation of a fund for the relief of the widows and orphans of its members." By an amendment adopted on January 26, 1887, it is stated that the object of the association " is to assist the widows or orphans, or such other person or persons as may hold an assignment of the certificate of membership at the time of the death of the member, by paying the sum as specified by " a certain article of the by-laws. The members of the association must be members of the order of Odd Fellows.

The plaintiff's husband, Frank R. Hadley, became a member of the association, and received a certificate dated February 27, 1880, stating that he was such a member and entitled to the benefits, and it is agreed that at his death he was a member of the association in good standing and entitled to its benefits.

The original by-law which regulated the payment of death benefits provided that the family of the deceased member should be entitled to a benefit " to be paid to the widow of such member, if there be one," and if no widow to the child or children or their guardian, and if no widow, child, or children, then to such person as the member may have designated in writing under his hand, duly witnessed, upon the back of his certificate of membership, or otherwise; and that, if there were no such claimant, a burial lot and tombstone should be provided and the balance of the benefit money should belong to the association.

This by-law was changed on January 27, 1880, so that, when Hadley became a member and received his certificate on February 27, 1880, under the by-law then in force, the benefit was to be paid, first, to the person designated to receive the same by the deceased, either by an indorsement upon his certificate of membership or by a written order; and, secondly, if the deceased designated no person to receive the payment, it was payable to his widow for the use of herself and minor children, if any, and if no widow, to a guardian or trustee for such children; and, thirdly, if no designated person, widow, or children, then to the mother of the deceased, or if no mother to such near relative, in the discretion of the directors, as might be in indigent circumstances; and finally, in default of any such beneficiary, the purchase of a burial lot and tombstone.

Hadley never designated a beneficiary in writing on the back of the certificate or otherwise.

Some seven years after he became a member, the by-law regulating the payment of benefits was again changed, on January 26, 1887, so that the benefit should be paid " to such person or persons as the member's certificate requires." Between the time of the making of this change and that of Hadley's death, he, as well as all the members of the association, was requested to surrender his certificate, and to take out a new one, the form for which contained a blank to be filled with the name of the designated beneficiary to whom, unless otherwise ordered, the benefit would be payable; but he never complied with this request.

On January 30, 1889, a further change was made, by striking out all the sections of the by-law which regulated the payment

of death benefits, and substituting a provision that the benefit should be paid " to such person or persons as the member's certificate requires, who may have an insurable interest as provided in section 2 of Article I.," which is the amended section defining the object of the association to be " to assist the widows or orphans, or such other person or persons as may hold an assignment of the certificate of membership, at the time of the death of the member, by paying the sum as specified," etc.

Assuming in favor of the claimants that the various amendments to the by-laws are valid, and that they are not to be read as applying only to new business, we yet are of opinion that the decision of the Superior Court in favor of the widow was right. We think that the fair and reasonable construction of the amended by-laws is, that, upon the death of a person who became a member at a time when, in the absence of any special designation by him, the benefit would be payable to his widow for her own use if there were no children, if the member dies retaining his original certificate and without making any written designation of a beneficiary, the fund goes to his widow, and not to the administrators of his estate.

The original object of the association, and that which stood as its declared object when the certificate was issued, was the relief of the widows and orphans of its members.

When the certificate was issued neither its terms nor the provisions of the by-laws required the designation of a beneficiary by the member if he left a widow. The subsequent amendments of January 26, 1887, and of January 30, 1889, to Article VI. of the by-laws both make the benefit payable " to such person or persons as the member's certificate requires," and. the latter amendment adds " who may have an insurable interest as provided in section 2 of Article I." That section was the one which stated the object of the association to be " to assist the widows or orphans, or such other person or persons as may hold an assignment of the certificate of membership at the time of the death of the member, by paying the sum as specified by Article VI. Sec. 1." We think the words " to such person or persons as the member's certificate requires " were chosen in view of the circumstance that certificates were outstanding which designated no beneficiary, and which, when issued, had the effect to make

the benefit payable to the widow if there should be one; and that it was the intention that it should continue to be so payable, unless the 'member made a change in the beneficiary by designating another beneficiary in some manner pointed out by the amended by-laws.   This construction is most consistent with the declared purposes of the association, and most in line with the statutes which have regulated the death benefit business in this Commonwealth; while the other theory, that it was the intention of the amended by-laws to make the benefit payable to the deceased member's estate if he made no explicit designation, would divert the fund from the declared object of the association, and would tend to make of the death benefit a simple life insurance, to be disposed of under the general laws regulating succession to the property of deceased persons, and so making it liable for the debts of the member.   In the present case the deceased member left a widow, to assist whom was the object of the association, unless some other person held an assignment of the certificate of membership at the time of his death; and neither his administrators, nor any other person, held such an assignment.                    *Judgment for the plaintiff affirmed.*